# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ROSA MARIA GAETA, et al., <br><br> Defendant. | CASE NO. 3:12-CV-02243-LAB-JLB <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Plaintiff J&J Sports Productions controlled the television distribution rights for a pay-per-view boxing match between Floyd Mayweather and Victor Ortiz on September 17, 2011. On July 31, 2014, the Court granted J&J's motion for default judgment and awarded it $1,000 in statutory damages under the 1934 Federal Communications Act plus $2,200 for conversion. The Court determined that an additional enhanced award was not appropriate because there was insufficient evidence that Defendant Gaeta committed the violation "'willfully and for the purposes of . . . commercial advantage.'" (Docket no. 16 (quoting 47 U.S.C. § 605(e)(3)(C)(ii)).) Plaintiff has moved for reconsideration. (Docket no. 17.)

Federal Rule of Civil Procedure 59(e) authorizes a motion to alter judgment after its entry. Under the Court's Standing Order 4(j), "[m]otions for reconsideration are disfavored unless a party shows there is new evidence, a change in controlling law, or establishes that the Court committed clear error in the earlier ruling." Judgment is not properly reopened "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). The

requirement of such a showing is a "high hurdle" and the court will not reopen a judgment "absent highly unusual circumstances." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001).

J&J does not directly dispute the Court's legal determinations, but rather challenges the amount of damages awarded – put simply, it just wants more money. J&J's motion does not cite any newly discovered evidence, clear error, or intervening change in controlling law. In fact, except for citing the correct legal standard from *389 Orange Street*, the motion doesn't cite controlling law of any kind, much less any intervening change in law that would undermine the Court's judgment. Instead, the motion advises the Court of other district court decisions of distinguishable facts where plaintiffs (in many instances, J&J itself) were awarded higher statutory damages.[1] But there is an even deeper flaw in J&J's motion. All of the cited district court cases were decided prior to the Court's judgment, and a Rule 59(e) motion "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

In addition, the motion cites 47 U.S.C. § 605(e)(3)(C)(ii) for the unremarkable proposition that "the court in its discretion may increase the award of damages" on a finding of a willful violation. When the Court determined that the facts of this case merited no more than the statutory minimum of $1,000 to compensate J&J for the unlawful broadcast and to deter future violations of this kind, it considered and rejected a damage award under this very subsection because the Court concluded that the evidence did not support a finding of willfulness. *See Carroll*, 342 F.3d at 945. J&J's motion hopes for a low five figure judgment like the one suggested in *Kingvision v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999), which is another case of willfulness. The Court notes that *Lake Alice Bar* cuts against J&J's position insofar as it cautions district courts against awarding high judgments lest they destroy rather than deter businesses. *Lake Alice Bar*, 168 F.3d at 350. And J&J admits that

---

[1] Unlike the vast majority of district court cases on which J&J's motion relies, this Court determined that there was insufficient evidence to find that the Defendant committed the violation willfully. (Docket no. 16 at 5.)

1 | "*Lake Alice Bar* is not controlling on the issue of damages." (*See* Docket no. 17 at 8 & n.2.)
2 | In any event, the Court already took deterrence into account when issuing its original
3 | damages award of $3200. As a result, the Court will not grant reconsideration on this
4 | ground.
5 |      J&J does not cite any new evidence, a change in controlling law, or clear error in the
6 | Court's earlier ruling. *See 389 Orange St.*, 179 F.3d at 665. Accordingly, J&J does not
7 | overcome the "high hurdle" required to amend a judgment under Rule 59(e). *Weeks*, 246
8 | F.3d at 1236. The Court denies J&J's motion for reconsideration.
9 | **IT IS SO ORDERED**.
10 | DATED: October 14, 2014

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge